O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

JUAN SAMARRIPA,                  )   NO. CV 08-07293-MAN
                                 )
            Plaintiff,           )
                                 )   MEMORANDUM OPINION
      v.                         )
                                 )   AND ORDER
MICHAEL J. ASTRUE,               )
Commissioner of Social Security, )
                                 )
            Defendant.           )
_____)

      Plaintiff filed a Complaint on November 4, 2008, seeking review of
the denial by the Social Security Commissioner ("Commissioner") of
plaintiff's application for a period of disability ("POD") and
disability insurance benefits ("DIB").  On February 4, 2009, the parties
consented to proceed before the undersigned United States Magistrate
Judge.  The parties filed a Joint Stipulation on July 1, 2009, in which:
plaintiff seeks an order reversing the Commissioner's decision and
awarding benefits or, in the alternative, remanding the matter for
further administrative proceedings; and defendant seeks an order
affirming the Commissioner's decision.  The Court has taken the parties'
Joint Stipulation under submission without oral argument.

## SUMMARY OF ADMINISTRATIVE PROCEEDINGS

On February 21, 2006, plaintiff filed applications for a POD and DIB. (Administrative Record ("A.R.") 34-35.) Plaintiff alleges an inability to work since November 10, 2004, due to disorders of the spine. (A.R. 34.) Plaintiff has past work experience as a lumber yard supervisor, building maintenance man, power wash operator, and carpenter. (A.R. 88-92.)

The Commissioner denied plaintiff's application initially and upon reconsideration. (A.R. 36-39, 43-47.) On April 24, 2008, plaintiff, who was represented by counsel, testified at a hearing before Administrative Law Judge Robert Evans ("ALJ"). (A.R. 14-33.) On May 29, 2008, the ALJ denied plaintiff's claim, and the Appeals Counsel subsequently denied plaintiff's request for review of the ALJ's decision. (A.R. 5-13, 1-4.)

## SUMMARY OF ADMINISTRATIVE DECISION

In his written decision, the ALJ found that plaintiff met the insured status requirements of the Social Security Act through June 30, 2007, and plaintiff has not engaged in substantial gainful activity since November 10, 2004, his alleged disability onset date. (A.R. 11.) The ALJ further found that plaintiff suffers from the severe impairment of chronic back pain, but he does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. (A.R. 12.)

The ALJ determined that plaintiff retains the residual functional capacity ("RFC") to perform light work that would require him to:  lift and carry 20 pounds occasionally and 10 pounds frequently; walk and stand for two hours in an eight hour work day with a sit/stand option and sit for six hours in an eight hour work day; and engage in occasional climbing, bending, kneeling, stooping, crouching, and crawling.  (A.R. 10.)  The ALJ further found that plaintiff's testimony concerning his pain and limitations was not "sufficiently credible." (*Id.*)

Based on the ALJ's residual functional capacity assessment and the testimony of a vocational expert, the ALJ found that plaintiff is unable to perform any of his past relevant work, but jobs exist in significant numbers in the national economy that plaintiff can perform.  (A.R. 12.) Accordingly, the ALJ concluded that plaintiff has not been under a disability, as defined in the Social Security Act, from November 10, 2004, the alleged disability onset date, through the date of the ALJ's decision.  (*Id.*)

**STANDARD OF REVIEW**

Under 42 U.S.C. § 405(g), this Court reviews the Commissioner's decision to determine whether it is free from legal error and supported by substantial evidence in the record as a whole.  <u>Orn v. Astrue</u>, 495 F.3d 625, 630 (9th Cir. 2007).  Substantial evidence is "'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'"  <u>Id</u>. (citation omitted).  The "evidence must be more than a mere scintilla but not necessarily a preponderance."  <u>Connett v.</u>

3

_Barnhart_, 340 F.3d 871, 873 (9th Cir. 2003).  While inferences from the record can constitute substantial evidence, only those "'reasonably drawn from the record'" will suffice.  _Widmark v. Barnhart_, 454 F.3d 1063, 1066 (9th Cir. 2006)(citation omitted).

Although this Court cannot substitute its discretion for that of the Commissioner, the Court nonetheless must review the record as a whole, "weighing both the evidence that supports and the evidence that detracts from the [Commissioner's] conclusion." _Desrosiers v. Sec'y of Health and Human Servs._, 846 F.2d 573, 576 (9th Cir. 1988); _see also_ _Jones v. Heckler_, 760 F.2d 993, 995 (9th Cir. 1985).  "The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and for resolving ambiguities." _Andrews v. Shalala_, 53 F.3d 1035, 1039-40 (9th Cir. 1995).

The Court will uphold the Commissioner's decision when the evidence is susceptible to more than one rational interpretation.  _Burch v. Barnhart_, 400 F.3d 676, 679 (9th Cir. 2005).  However, the Court may review only the reasons stated by the ALJ in his decision "and may not affirm the ALJ on a ground upon which he did not rely." _Orn_, 495 F.3d at 630; _see also_ _Connett_, 340 F.3d at 874.  The Court will not reverse the Commissioner's decision if it is based on harmless error, which exists only when it is "clear from the record that an ALJ's error was 'inconsequential to the ultimate nondisability determination.'" _Robbins v. Soc. Sec. Admin._, 466 F.3d 880, 885 (9th Cir. 2006)(_quoting_ _Stout v. Comm'r_, 454 F.3d 1050, 1055-56 (9th Cir. 2006)); _see also_ _Burch_, 400 F.3d at 679.

**DISCUSSION**

Plaintiff alleges the following two issues:  (1) whether the ALJ properly determined that plaintiff did not meet or equal a listing; and (2) whether the ALJ made a proper credibility finding. (Joint Stipulation ("Joint Stip.") at 3.)

**I.   The ALJ Failed To Provide The Requisite Clear And Convincing Reasons For Rejecting Plaintiff's Subjective Pain Testimony.**

Plaintiff alleges that the ALJ improperly rejected plaintiff's subjective pain testimony. (Joint Stip. at 13-16.)  For the reasons set forth below, the Court agrees.

The law is well-settled that, once a disability claimant produces evidence of an underlying physical impairment that is reasonably likely to be the source of her subjective symptom(s), all subjective testimony as to the severity of the symptoms must be considered. Moisa v. Barnhart, 367 F.3d 882, 885 (9th Cir. 2004); Bunnell v. Sullivan, 947 F.2d 341, 345 (9th Cir. 2001)(en banc); see also 20 C.F.R. § 404.1529(a) (explaining how pain and other symptoms are evaluated).  Unless there is affirmative evidence showing that the claimant is malingering, the ALJ's reasons for rejecting the claimant's subjective symptom testimony must be "clear and convincing." Lester v. Chater, 81 F.3d 821, 834 (9th Cir. 1995).  Further, the ALJ's credibility findings must be "sufficiently specific" to allow a reviewing court to conclude that the ALJ rejected the claimant's testimony on permissible grounds and did not arbitrarily discredit the claimant's testimony. Moisa, 367 F.3d at 885.

5

The ALJ found that plaintiff's "subjective complaints [were] not sufficiently credible." (A.R. 10.)  While the ALJ cites several reasons for discounting plaintiff's credibility, his findings are based largely on impermissible mischaracterizations of the record.

First, the ALJ found that there was "no evidence plaintiff used home remedies such as a heating pad," and therefore, it was "reasonable to assume that his pain is not as severe or limiting as he alleged." (A.R. 10.)  This finding directly contradicts the record.  At the hearing, the ALJ asked plaintiff if he used any home remedies such as heating pads or cold packs.  (A.R. 23.)  Plaintiff responded, "[I] put [on] some heating pads when it's hurting. When it's swelling up I put [on] cold pad[s]."  (*Id.*)  The ALJ's conclusion that plaintiff did not use any home remedies is a blatant misstatement of the record.

The ALJ also found that plaintiff's testimony regarding his ability to work was inconsistent.  The ALJ stated that plaintiff "denied looking for work because of his 'limitations' but opined that he could probably do light work (per testimony)."  (A.R. 10.)  However, the record indicates that when the ALJ specifically asked plaintiff if he had ever thought about lighter work, plaintiff responded, "I thought about it. The only thing is I don't have no experience on anything else. That's something that's really keeping me away." (A.R. 22)  While the ALJ is permitted to draw inferences from the record, only those "reasonably drawn from the record" will suffice.  Widmark v. Barnhart, 454 F.3d 1063, 1066 (9th Cir. 2006)(citation omitted); Regennitter v. Commissioner, 166 F.3d 1294, 1297 (9th Cir. 1999)("inaccurate characterization of the evidence" constitutes error).  Here, the ALJ

characterized plaintiff's statement that he had "thought about" light work as constituting an opinion that he probably would be capable of doing light work.   This tenuous inferential step mischaracterizes the record.

Further, the ALJ found that plaintiff's pain testimony lacked credibility in part because he had not received ongoing treatment.   The record shows, however, that plaintiff obtained almost monthly treatment with Dr. Latteri through March 3, 2008. (A.R. 229-32.)   Additionally, when the ALJ asked plaintiff if he was still seeing his doctor, plaintiff responded that he was.   (A.R. 30.)   Once again, the ALJ misstated the record to support his finding that plaintiff's subjective symptoms lack credibility.

The ALJ cited additional grounds on which to discredit plaintiff's testimony that the Court finds unconvincing.   Specifically, in support of his finding that plaintiff lacked credibility, the ALJ concluded that plaintiff's daily activities were inconsistent with his subjective complaints, plaintiff declined surgery, and plaintiff only received treatment in connection with his worker's compensation claim.   (A.R. 10)

The ALJ cited plaintiff's ability to "[take] walks, [do] light household chores, and [drive] his car" as inconsistent with his subjective pain complaints.   (A.R. 10.)   The ALJ's casual reference to plaintiff's limited ability to engage in daily activities to support his adverse credibility finding fails to demonstrate how plaintiff's performance of basic self-care activities, light household chores, and occasional driving translates into the ability to engage in full-time

1    work.[1]   *See* <u>Gonzalez v. Sullivan</u>, 914 F.2d 1197, 1201 (9th Cir.
2    1990)(noting that daily activities may not be relied upon to support an
3    adverse credibility decision where those activities do not affect the
4    claimant's ability to perform appropriate work activities on an ongoing
5    and daily basis); <u>Fair v. Bowen</u>, 885 F.2d 597, 602 (9th Cir. 1989)("if
6    a claimant is able to spend a substantial part of his day engaged in
7    pursuits involving the performance of physical functions that are
8    transferable to a work setting, a specific finding [which was not made
9    in the instant case] as to this fact may be sufficient to discredit an
10   allegation of disabling excess pain.").

11

12   The ALJ also relied on the fact that plaintiff declined surgery to
13   discredit his subjective pain complaints. (A.R. 10.) While a failure
14   to seek prescribed treatment may be an adequate reason to discredit a
15   plaintiff's subjective symptoms, the ALJ must first consider "any
16   explanations that the individual may provide, or other information in
17   the case record, that may explain [the] . . . failure to seek medical
18   treatment." *See* Social Security Ruling ("SSR") 96-7p. The record
19   indicates that plaintiff declined back surgery, because he was
20   frightened of the possible risks involved. (A.R. 146, 229, 265.) It is
21   unconvincing that plaintiff's failure to submit to the risk of surgery
22   negates his credibility as to the severity of his pain. The ALJ erred

23

24   [1]  The Court notes that plaintiff's daily activities reflect his
     ability to: dust the house, clean the bathroom, weed and water the
25   flower bed, and drive 20 miles before feeling discomfort, which may
     contradict plaintiff's allegations of pain and inability to engage in
26   light work. (A.R. 94.) However, when discrediting plaintiff's
     testimony, the ALJ must cite "sufficiently specific" reasons to allow a
     reviewing court to conclude that the ALJ rejected the claimant's
27   testimony on permissible grounds. <u>Moisa</u>, 367 F.3d at 885. The reasons
     cited by the ALJ here are too vague to support the finding that his
28   testimony lacks credibility.

in failing to consider any of the possible explanations for plaintiff's refusal to undergo back surgery before discrediting his testimony.

Finally, the ALJ noted that the only treatment plaintiff received was in connection with his worker's compensation claim.  (A.R. 10.) This too is an unconvincing reason to discount plaintiff's credibility. If plaintiff obtained adequate medical treatment, it is irrelevant that the treatment he received was in connection with his worker's compensation claim.   A plaintiff should not be required to receive duplicative care to avoid having his credibility challenged for pursuing medical treatment in connection with a worker's compensation claim.   In addition, although plaintiff began treating with Dr. Latteri concurrently with the initiation of his worker's compensation claim, he continued such treatment after his worker's compensation claim concluded.[2]  Therefore, the treatment he received was not related *solely* to his worker's compensation claim, as the ALJ suggests.

Accordingly, the ALJ's rejection of plaintiff's credibility, without setting forth clear and convincing reasons for that rejection, constitutes reversible error.

///

///

///

///

///

---

[2]   Plaintiff's worker's compensation claim was settled in February, 2007.  (A.R. 20.)  Records indicate that Dr. Latteri continued treating plaintiff through at least June 2008.  (A.R. 234.)

**II.** **The ALJ Failed To Identify Substantial Evidence Supporting His Conclusion That Plaintiff Did Not Meet a Listed Impairment.**

    **A.** **The ALJ's Conclusion That Plaintiff Did Not Meet a Listing Was Not Supported By Sufficient Evidence.**

Plaintiff contends that the ALJ's finding that he does not meet or equal listing 1.04 (disorders of the spine) is not supported by substantial evidence. (Joint Stip. at 3.) For the reasons set forth below, the Court agrees.

The ALJ's discussion of whether plaintiff met or equaled a listing was limited to one conclusory sentence: "The objective medical evidence shows that he does not have an impairment or combination of impairments that meet or equal the level of severity required by the Listing of Impairments in Appendix 1 of Subpart P, Regulations No. 4." (A.R. 9.) The ALJ did not cite any evidence of record to support his conclusion that plaintiff did not meet a listing, nor did he even identify the relevant listing. "Such a bare conclusion is beyond meaningful judicial review." Clifton v. Chater, 79 F.3d 1007, 1009 (10th Cir. 1996).

An ALJ must evaluate the relevant evidence before concluding that a claimant's impairments do not meet or equal a listed impairment. Lewis v. Apfel, 236 F.3d 503, 512 (9th Cir. 2001). "[A] boilerplate finding is insufficient to support a conclusion that a claimant's impairment does not do so." Id. Especially when the ALJ fails to evaluate favorable evidence relevant to the criteria set forth in the listing, remand may be appropriate to allow the ALJ to engage in a more

thorough analysis of the evidence.   *See* <u>Ribaudo v. Barnhart</u>, 458 F.3d 580, 584 (7th Cir. 2006).

The ALJ should provide specific findings in the record to support his conclusion that plaintiff does not meet or equal a listed impairment.   There is some probative evidence favorable to plaintiff's claim that he meets or equals listing 1.04 that the ALJ did not consider in reaching his conclusion.   For example, plaintiff's medical records show evidence of nerve root compression (A.R. 145), limited range of motion (A.R. 133, 195), sensory deficit loss (A.R. 133), and positive straight-leg raising tests (A.R. 133, 195).   At the very least, there is sufficient evidence to warrant a more careful examination of the record and specific findings as to whether plaintiff meets or equals this listing.

Accordingly the ALJ erred in concluding that plaintiff did not meet listing 1.04 without citing to relevant evidence of record he considered in reaching his determination.

**B.   The ALJ's Failure To Consider Plaintiff's Obesity In Assessing His RFC Does Not Constitute Error.**

Plaintiff also argues that the ALJ erred in failing to consider the combined effect of plaintiff's obesity with his musculoskeletal impairments in determining whether plaintiff has a listing level impairment and the effect of plaintiff's obesity on his ability to work. (Joint Stip. 7)   The Court disagrees.

11

1    Plaintiff is correct that the ALJ has a duty to consider the
2  cumulative effects of obesity when determining whether plaintiff meets
3  or equals a listing and when assessing plaintiff's residual functional
4  capacity.  *See* SSR 02-01p.   However, plaintiff carries the burden of
5  establishing disability and must present medical evidence showing his
6  impairments.   20 C.F.R. § 404.1512(c).   Where there is no evidence of
7  record to indicate that plaintiff's obesity limits his functioning or
8  exacerbates his condition, the ALJ is not required to discuss the
9  combined effects of obesity.  *See* <u>Burch v. Barnhart</u>, 400 F.3d 676, 683
10 (9th Cir. 2005).

11

12   Plaintiff's suggestion that the ALJ erred in not considering the
13 effects of plaintiff's obesity on his functional limitations is
14 incorrect.  Plaintiff presented his obesity as a limiting impairment for
15 the first time in the Joint Stipulation.  (Joint Stip. 5.)  The only
16 evidence of obesity to which plaintiff points is the Orthopedic
17 Evaluation summary in which plaintiff's height and weight are noted
18 without reference to "obesity."  (A.R. 154.)  Plaintiff performed an
19 independent  calculation  using  the  National  Institute  of  Health
20 guidelines to determine that his Body Mass Index is 39.4, which is
21 considered "obese."[3]  (Joint Stip. 5.)  However, while plaintiff may be
22 obese, he points to no medical evidence of record indicating that any
23 doctor  noted  or  commented  on  his  obesity.   There  is  no  evidence
24 whatsoever indicating that plaintiff's obesity caused him to experience
25 any functional limitation.  Plaintiff's hearing testimony is also silent
26 on the issue of his obesity.  Considering the lack of evidence of record

27 _____

28  [3]    NIH considers anyone with a BMI of over 30 to be obese.

1  regarding plaintiff's obesity or any limitation related thereto, the
2  ALJ's failure to consider plaintiff's obesity in his disability
3  determination does not constitute error.  *See* <u>Burch</u>, 400 F.3d at 683.

4

5  **III. <u>Remand Is Required</u>.**

6

7      The decision whether to remand for further proceedings or order an
8  immediate award of benefits is within the district court's discretion.
9  <u>Harman v. Apfel</u>, 211 F.3d 1172, 1175-78 (9th Cir. 2000).  Where no
10 useful purpose would be served by further administrative proceedings, or
11 where the record has been fully developed, it is appropriate to exercise
12 this discretion to direct an immediate award of benefits.  <u>Id</u>. at 1179
13 ("the decision of whether to remand for further proceedings turns upon
14 the likely utility of such proceedings").  However, where there are
15 outstanding issues that must be resolved before a determination of
16 disability can be made, and it is not clear from the record that the ALJ
17 would be required to find the claimant disabled if all the evidence were
18 properly evaluated, remand is appropriate.  <u>Id</u>.

19

20      Here, remand is the appropriate remedy to allow the ALJ the
21 opportunity to remedy the above-mentioned deficiencies and errors.  *See,*
22 *e.g.*, <u>Benecke v. McCarthy</u>, 379 F.3d 587, 593 (9th Cir. 2004)(remand for
23 further proceedings is appropriate if enhancement of the record would be
24 useful); <u>McAllister v. Sullivan</u>, 888 F.2d 599, 603 (9th Cir.
25 1989)(remand appropriate to remedy defects in the record).  On remand,
26 the ALJ must provide clear and convincing reasons for discrediting
27 plaintiff's subjective pain testimony.  Additionally, the ALJ should
28 provide legally sufficient reasons, if such reasons exist, for finding

13

1  plaintiff does not meet or equal listing 1.04.

2

3                              **CONCLUSION**

4

5       Accordingly, for the reasons stated above, IT IS ORDERED that the

6  decision of the Commissioner is REVERSED, and this case is REMANDED for

7  further proceedings consistent with this Memorandum Opinion and Order.

8

9       IT IS FURTHER ORDERED that the Clerk of the Court shall serve

10 copies of this Memorandum Opinion and Order and the Judgment on counsel

11 for plaintiff and for defendant.

12

13      **LET JUDGMENT BE ENTERED ACCORDINGLY.**

14

15 DATED: February 9, 2010

16                                    _____
                                              MARGARET A. NAGLE
17                                    UNITED STATES MAGISTRATE JUDGE

18

19

20

21

22

23

24

25

26

27

28

                                      14